# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of<br>*INFORMATION ASSOCIATED*<br>*WITH SNAPCHAT ACCOUNT*<br>*"KURTSOLSEN" THAT IS STORED*<br>*AT A PREMISES CONTROLLED BY*<br>*SNAP INC.* | )<br>)<br>) Case No. 19-MJ-82-PJC<br>)<br>)<br>) |

## AMENDED SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __NORTHERN__ District of __OKLAHOMA__
*(identify the person or describe the property to be searched and give its location)*:
See Attachment "A" for property to be searched.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment "B" for property to be seized.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  __MAY 1, 2019__
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__Paul J. Cleary__
*(name)*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☑ until, the facts justifying, the later specific date of __Oct 15, 2019__

Date and time issued: __4/18/19; 11:30 A.M.__   _____
*Judge's signature*

City and state: __Tulsa, OK__   __US Magistrate Judge Paul J. Cleary__
*Printed name and title*

# Return

| Case No.: 19-MJ-82-PJC | Date and time warrant executed: 4/18/19 @ APPROX 5:30 PM | Copy of warrant ~~and inventory~~ left with: SNAP, INC. |
|---|---|---|

Inventory made in the presence of:
FBI SPECIAL AGENT ALAN SISKA

Inventory of the property taken and name of any person(s) seized:
ONE ZIP FILE AND ONE PDF FILE CONTAINING DATA ASSOCIATED WITH SNAPCHAT ACCOUNT "KURTOLSEN".

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 07/16/2019

Executing officer's signature

EVAN D. HELD, FBI SA
Printed name and title

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with the Snapchat account "kurtolsen" (hereinafter the "Target Account"), which is stored at the premises owned, maintained, controlled, and/or operated by Snap Inc., a company headquartered in Santa Monica, California.

# ATTACHMENT B

## Particular Things to be Seized

I. **Information to be disclosed by Snap Inc. (hereinafter "the Provider"):**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any messages, records, files, logs, photographs, videos or other information that has been deleted but is still available to the Provider, or has been confirmed preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account listed in Attachment A: (the "Target Accounts"):

(a) All stored communications and other files in Snap's possession (including account access information, event histories including dates and times, connection dates, times and locations, connection IP information, message content, graphics files, attachments, etc., further detailed below), whether physical, stored on electronic media, or temporarily extant on any computer or server, reflecting communications to or from the Target Accounts;

(b) All subscriber information, including: Snapchat username vanity names; email addresses; phone numbers; full name; physical address; and other identifiers;

(c) All information pertaining to creation of the account, including: Date and time of creation; IP address used to create the account; all subscriber information provided at the time the account was created;

(d) Timestamp and IP address of all account logins and logouts;

(e) Logs of all messages and all files that have been created and Snaps sent/or accessed via the Target Accounts or that are controlled by user accounts associated with the Target Accounts;

(f) The account name, vanity name, identifiers and all available subscriber information for any other Snapchat account(s) associated with the Target Accounts;

(g) All connection logs and records of user message activity, including all meta-data;

    i. Transmitter/Sender identifier (i.e. addresses and/or IP address);

    ii. Connection date and time;

    iii. Method of connection (telnet, ftp, http);

    iv. Data transfer volume;

    v. User name associated with the connection and other connection information, including the Internet Protocol address of the source of the connection;

    vi. Account subscriber identification records;

    vii. Other user accounts associated with, referenced in or accessed by the Target Accounts;

    viii. Address books, contact lists and "my friends";

    ix. Records of files or system attributes accessed, modified, or added by the user;

    x. All records and other evidence relating to the subscriber(s), customer(s), account holder(s), or other entity(ies) associated with the Target Accounts, including, without limitation, subscriber names, user names, screen names or other identities, addresses, residential addresses, business addresses, and other contact information, telephone numbers or other subscriber number or identifier number, billing records, information about the messages and Snaps and all information length of service and the types of services the subscriber or customer utilized, and any other identifying information, whether such records or other evidence are in electronic or other form. Such records and other

2

evidence include, without limitation, correspondence and other records of contact by any person or entity about the above-referenced account, the content associated with or relating to postings, communications and any other activities to or through the Target Accounts, whether such records or other evidence are in electronic or other form;

(h) All records pertaining to communications between Snapchat and the users of the Target Accounts regarding the user or the user's Snapchat account, including contacts with support services and records of actions taken;

(i) The content of all messages and Snaps sent, received, and saved, stored, or preserved.

## II. Information to be seized by the government

(a) All information described in Section I that constitutes fruits, evidence, and instrumentalities of violations of:

    i. Title 18, United States Code, Section 1030(a)(2)(c) – Fraud and related activity in connection with computers;

    ii. Title 18, United States Code, Section 1028(a)(7) – Fraud and related activity in connection with identification documents, authentication features, and information.

(b) Records, information, and items relating to the violations of the statutes described above including:

    i. Evidence of the identity of the user, owner, or individual(s) who control the Target Accounts;

    ii. Evidence indicating the Target Account user's knowledge and/or intent as it relates to the above violations;

3

iii. Evidence indicating the times, geographic locations, and electronic devices from which the Target Accounts were accessed and used to determine the chronological and geographic context of the Target Account access, use and events relating to the violations under investigation and to the owner(s) of the Target Accounts;

iv. Passwords, encryption keys, recovery e-mail accounts, contact information, security questions, phone numbers, and other access information used to access the Target Accounts;

(c) As used above, the terms "documents," and "communications," refers to all content regardless of whether it is in the form of pictures, videos, audio records, text communications, or other medium, and whether in draft or completed form and whether sent or received;

(d) As used above, the terms "records" and "information" includes all forms of data stored by the Provider including IP addresses, toll records, and account identifying information.

(e) Evidence indicating how and when the Snapchat account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crimes under investigation to the Snapchat account owner;

(f) Evidence indicating the Snapchat account owner's state of mind as it relates to the crime under investigation;

(g) Evidence indicating the geographic location of the cellular device at times relevant to the investigation;

(h) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s);

(i) The identity of the person(s) who sent and/or received communications from the device.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Snap Inc., and my official title is _____. I am a custodian of records for Snap Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Snap Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. such records were kept in the ordinary course of a regularly conducted business activity of Snap Inc.; and

c. such records were made by Snap Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                       Signature